# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ALBION INVESTMENTS, INC., § | |
| § | |
| *Plaintiff,* § | Civil Action No. 4:20-CV-00773 |
| § | Judge Mazzant |
| v. § | |
| § | |
| TRAVELERS CASUALTY INSURANCE § | |
| COMPANY OF AMERICA, § | |
| § | |
| *Defendant.* § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Travelers Casualty Insurance Company of America's ("Travelers") Motion to Dismiss Plaintiff's Extra-Contractual Claims. (Dkt. #11). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

Albion Investments, Inc., ("Albion") owns commercial property at 7447 Hillcrest Road, Frisco, Texas, (the "Property") which was covered by an insurance policy issued by Travelers. On March 24, 2019, Albion claims the Property was hit by a storm bringing hail and high winds, which damaged the Property's roofing system. Albion submitted a claim to Travelers, and Travelers assigned adjusters to Albion's claim. Albion alleges, however, that Travelers did not timely investigate the claim and were not diligent in their work.

Travelers did ultimately inspect the Property, and the claims adjuster prepared a denial letter stating the damage to the Property fell below the deductible. Albion claims Travelers did not conduct a thorough investigation of the claim, failed to account for all of the damages covered,

failed to fairly evaluate and adjust the claim, failed to perform its contractual duty to compensate Albion under the policy, made misrepresentations to Albion regarding the damages to the Property and whether it was covered, failed to make an attempt to settle the claim in a prompt and fair manner, and failed to explain why full payment was not being made.

On June 13, 2019, Albion retained its own engineer to inspect the Property. After reviewing Albion's engineer's report, Travelers agreed to re-inspect the Property on July 18, 2019. After the reinspection, Travelers did not change their position on the claim. Consequently, Albion retained counsel, and on March 20, 2020, Albion's counsel sent a Texas Insurance Code 542A Notice and Texas Deceptive Trade Practices Act ("DTPA") demand letter to Travelers. After receiving the letter, Travelers requested to re-inspect the property on May 5, 2020, but did not change its position after the inspection.

On September 14, 2020, Albion filed a state court action in Collin County, Texas, and on October 9, 2020, Travelers filed its notice of removal. After Travelers filed its first Motion to Dismiss (Dkt. #5), Albion filed its Amended Complaint. (Dkt. #7). In the Amended Complaint, Albion alleges breach of contract, violations of the Texas Insurance Code, DTPA claims, and a claim for breach of duty of good faith and fair dealing. Following the Amended Complaint, Travelers filed this Motion to Dismiss (Dkt. #11).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This

evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

Travelers also moves to dismiss Albion's extra-contractual claims under Federal Rule of Civil Procedure 9(b). Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). The goals of Rule 9(b) are to "provide[] defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs*, 565 F.3d at 186. "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud,

4

fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2010 WL 3422873, at *14 (N.D. Tex. Aug. 26, 2010) ("'[W]hen the parties have not urged a separate focus on the negligent misrepresentation claims,' the Fifth Circuit has found negligent misrepresentation claims subject to Rule 9(b) in the same manner as fraud claims."). Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## ANALYSIS

After reviewing the amended complaint, motion to dismiss, response, and supplemental authorities, the Court finds that Plaintiff has stated plausible claims upon which relief could be granted.

## CONCLUSION

It is therefore **ORDERED** that Travelers' Motion to Dismiss Plaintiff's Extra-Contractual Claims (Dkt. #11) is hereby **DENIED.**

**SIGNED this 1st day of December, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE